### LEHMAN v. OSCHMANN.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MALICIOUS PROSECUTION—EVIDENCE—SUFFICIENCY.

Plaintiff alleged that defendant without just cause charged plaintiff before a police sergeant with the larceny of flour, and that plaintiff was taken into custody and held to bail, and on a hearing was discharged. It appeared that plaintiff was arrested, while driving in the street, on a charge of having stolen a horse and wagon, but there was no evidence that defendant had any connection with this charge, but the only evi-

dence relative to the charge of stealing flour was that, after plaintiff was confined, defendant stepped to the door of the cell and accused plaintiff of stealing flour, and afterwards told another person that he was going to prosecute plaintiff for such theft. Charges against plaintiff for the stealing of the horse and also the flour were made by H., who said that he represented defendant, but there was no other evidence of this fact. *Held*, that the evidence was insufficient.

Appeal from Special Term, Kings County.

Action by Herman Lehman against Frederick Oschmann. From a judgment dismissing the complaint at the close of the evidence, plaintiff appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Henry Escher, Jr. (George F. Elliott, on the brief), for appellant. William F. Goldbeck, for respondent.

WILLARD BARTLETT, J. The complaint in this action alleges that the defendant and his agent, without reasonable or probable cause therefor, charged the plaintiff, before a police sergeant in the borough of Brooklyn, with the crime of grand larceny, in having stolen eight barrels and two sacks of flour, valued at $100; that thereupon, on September 29, 1901, without the procurement of a warrant for plaintiff's arrest, the plaintiff was taken into custody and was imprisoned for about four hours, and held to bail in the sum of $500; and that on the following day plaintiff was brought before a magistrate, who heard the evidence and dismissed the charge, and released the plaintiff from custody, thus terminating the whole proceeding in favor of the plaintiff. The answer was a general denial.

Upon the trial the proof showed that the plaintiff had been arrested by a policeman, while driving in the street, upon a charge of having stolen the horse and wagon then under his management and control. There is absolutely nothing to show that the defendant had any connection whatever with this charge. There is no evidence concerning any occurrence relative to a charge of stealing flour until after the plaintiff had reached the station house. There, according to the plaintiff's testimony, the defendant stepped up to the door of the cell in which he was confined, and the following conversation ensued:

" 'Well,' he says, 'then we have got you—my men got you at last, didn't they?' I says, 'What are you talking about?' and he says, 'You will steal flour, won't you!' I says, 'I had nothing to do with your flour.' 'Well,' he says, 'I have got you now, and I am going to keep you; I'm going to make it good and hot for you;' and then I says, 'This may be your day, but to-morrow will be mine, and then look out for me.' "

The only other testimony connecting the defendant in any way with the transaction was given by Mr. Charles H. Levy, a lawyer, who says he met the defendant as he was coming out of the station house and asked him what he was going to do in the case, whereupon the defendant answered, "Why, I have got the right man that stole my flour; my men have been after him for some time; I am going to prosecute him." It further appeared by the testimony of Mr. Levy that two charges of grand larceny were made against the plaintiff

85 N.Y.S.—55

at the station house—one for the stealing of the horse and wagon, and the other for stealing flour. These charges were made by a Mr. Henniken, who told the police sergeant that he represented Mr. Oschmann; but of course his unsworn declaration to that effect did not tend to prove the fact as against the defendant. While the proof shows that the plaintiff was held by the police sergeant, there is nothing to show whether he was held upon only one of the charges, or both; nor does it anywhere appear whether both charges, or which of the charges, was prosecuted before the magistrate on the following day, when the case against the prisoner was dismissed.

Upon the vague and indefinite proof contained in this record, I am satisfied that the learned trial judge was right in dismissing the complaint. The plaintiff's own testimony shows that the arrest was in fact based solely upon the accusation that he had stolen the horse and wagon. The most that can be said of the defendant's statements in the nature of admissions made in the course of his conversation at the cell door is that they manifested a clear conviction that the plaintiff had stolen his flour, and a supposition that he had been arrested upon a charge of having done so; but the correctness of this supposition is negatived by the plaintiff's own account of the circumstances of the arrest. Nevertheless there might have been a case to go to the jury, in view of Mr. Levy's testimony that the defendant said he was going to prosecute the plaintiff, if it appeared that the charge for stealing the flour had been prosecuted before the magistrate; but, as has already been pointed out, the record leaves us entirely in doubt as to whether it was presented to the magistrate at all. In order to make out a prima facie case in an action of this character, there must be more definite evidence than was presented to the trial court here. The jury must not be compelled to resort to mere guesswork in order to infer the existence of the essential elements of a cause of action in favor of the plaintiff. By the production of the records of the police station and the magistrate's court it would have been easy for the plaintiff to make clear proof in regard to the matters which I have mentioned, but his failure to do so left him without any case which he was entitled to have submitted to the jury.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.